## WATKINS *v.* ROBERTS.

LIABILITY OF BORROWER.—Suit for the value of a horse. Answer, that the horse was borrowed to go to a certain place and return, and that while defendant was on the way, and without any fault or negligence on his part, he was met by some cavalry soldiers of the *United States*, who forcibly took said horse from him, &c.

*Held*, that the answer was good.

APPEAL from the *Washington* Common Pleas.

RAY, J.— *Watkins* sued *Roberts* for the value of a horse loaned by the former to the latter. The complaint is in three paragraphs. The first avers that the defendant, without leave, wrongfully took the plaintiff's horse, of the value of $200, and has not returned the same. The second charges that the plaintiff loaned the defendant one other horse, of the value of $200, which the latter promised to return to the former, or pay him therefor; that he has not so returned the horse or paid therefor. The third alleges that the defendant is indebted to the plaintiff in the sum of $200 for one horse sold and delivered by the latter to the former.

The defendant answered in four paragraphs: First, the denial. Second, that defendant borrowed the horse of the

plaintiff, with the privilege of using him for one day; that while the horse was in the possession of defendant, (without any fault or negligence on his part), he encountered on the road some of the soldiers of the *United States* army, under the command of General *Hobson*, and said soldiers, by force, and against the will of the defendant, took the horse from him, and have ever since and still do have possession thereof. Third, that he, the defendant, borrowed the horse mentioned in the complaint of the plaintiff, at about the time mentioned therein, to ride to *Palmyra* and back to the house of the plaintiff, and while on the road, on his return to the plaintiff's house, without any negligence whatever on his part, he was encountered by certain persons, armed with carbines and navy revolvers, who then and there, by force and threats, and by putting the defendant in fear, did forcibly take said horse from him and ride it away, and said unknown men have never returned said horse. Fourth, as to the second paragraph of the complaint, that defendant borrowed of plaintiff his horse, as mentioned in said paragraph, and while said horse was being by him used under said borrowing, the same was by an order (verbally given) of General *Hobson*, who was then and there a general officer serving the government of the *United States* in a military capacity, by force and against defendant's will, and without any negligence whatever on his part, seized and ridden away, and has never since been seen or heard of by the defendant.

The plaintiff demurred to the second, third and fourth paragraphs of the answer. The demurrer was sustained to the second, and overruled as to the third and fourth, to which the plaintiff excepted, and assigns the same for error. No cross error is assigned upon the action of the court in overruling the demurrer to the second paragraph. The evidence is also brought before us, and the action of the court in overruling a motion for a new trial, on the ground that the finding was not sustained by the proof, was excepted to, and is assigned as error.

Lord *Holt*, in *Coggs* v. *Bernard*, 2 Ld. Raymond 909, states the responsibility assumed by the bailee in this class of cases thus : "The borrower is bound to the strictest care and diligence to keep the goods, so as to restore them back again to the lender, because the bailee has a benefit by the use of them, so, as if the bailee be guilty of the least neglect, he will be answerable." The borrower is not liable if the goods be taken from him by robbery, or irresistable force, or stolen out of his possession, he having exercised such extraordinary care. If, however, by his own rashness, he expose the property to such peril, he will be liable. *Jones on Bailments*, p. 68; *Edwards on Bailments*, p. 167; *Scranton* v. *Baxter*, 4 Sand. 5. The third paragraph of the answer avers that while using the horse for the express purpose for which he had borrowed him, and without any negligence whatever on his part, he was met by certain persons, armed, &c., and the horse was forcibly taken from him. The appellant insists that it should have been averred that the appellee used the utmost care to prevent this.

The degree of care required of the borrower was a question of law, and any failure to exercise the diligence required would be neglect. As the answer shows the character of the bailment, we think the allegation that there was no negligence on the part of the defendant is equivalent to an averment that the required degree of care was exercised. The fourth paragraph contains the same allegation, and the demurrer was properly overruled to each of them.

The evidence introduced upon the trial was very conflicting. The finding of the jury is sustained by one line of witnesses. Both parties knew of the danger, as the troops of the government were in rapid pursuit of a column of invading traitors; and, although the plaintiff at first objected for that reason to loan the horse, he did finally consent. While returning from the proposed trip, and proceeding along the highway toward the house of the plaintiff, to deliver up the horse, the defendant was stopped by armed men,

and the horse taken from him by force which he could not have resisted. Under such a state of facts, there was no liability upon the defendant.

The plaintiff, on the other hand, introduced evidence tending to show an express contract on the part of the defendant, made in consideration of the risk incurred by the lender, to return the horse that evening, or pay a fixed sum for him. The defendant denied such a contract. The instructions given to the jury are not presented to us in the record, and we must, therefore, consider the case as having been fairly submitted for their consideration. The evidence is not of such a character as would justify us in reviewing the finding.

The judgment is affirmed, with costs.

*J. H. Butler* and *H. Heffren*, for appellant.

*T. L. Smith*, *M. C. Kerr* and *J. A. Ghormley*, for appellee.